**Opinion issued January 9, 2025**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-24-00931-CV

————————————

**CHANNELVIEW MHP, LLC, Appellant**

**V.**

**GRACIE HERNANDEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIO MARTINEZ, Appellee**

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2023-29201**

---

### MEMORANDUM OPINION

Appellant, Channelview MHP, LLC, filed a notice of appeal from the trial court's October 24, 2024 order denying appellant's "Amended Traditional Motion for Summary Judgment." On December 12, 2024, appellee, Gracie Hernandez, individually and as representative of the Estate of Mario Martinez, filed a "Motion

to Dismiss for Lack of Jurisdiction," arguing that this Court lacks jurisdiction over appellant's appeal because the order being appealed is an interlocutory order.

We grant appellee's motion and dismiss the appeal for lack of jurisdiction.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. An order denying summary judgment is not a final judgment and therefore is generally not appealable unless authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *see also Baylor Coll. of Med. v. Tate*, 7 S.W.3d 467, 469 (Tex. App.—Houston [1st Dist.] 2002, no pet.). While section 51.014 of the Texas Civil Practice and Remedies Code authorizes appeals from interlocutory orders denying summary judgment in certain circumstances, none of those circumstances are present in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (6), (17).

Because appellant has appealed from an interlocutory trial court order and has not identified a statute—and we have found none—that would authorize an interlocutory appeal from the trial court's October 24, 2024 order, we conclude that we lack jurisdiction over the appeal. Appellee filed her motion to dismiss the appeal for lack of jurisdiction on December 12, 2024. More than ten days have passed, and appellant has not filed a response to the motion. *See* TEX. R. APP. P. 10.3(a).

Accordingly, we grant appellee's motion and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.